IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00157-MR

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>FNU COFFEE, et al.,  )<br>)<br>Defendants.  )<br>_____  ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 11].

**I.  BACKGROUND**

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and North Carolina law, addressing incidents that allegedly occurred at the Marion Correctional Institution, where he is still incarcerated. The Plaintiff names as Defendants: FNU Coffee and FNU Ingram, correctional sergeants; and Ben Carver, the Marion CI warden. The Complaint centers on alleged incidents of excessive force and retaliation, which resulted in physical injuries and lasting pain. He also cites the Equal Protection Clause and asserts supervisory liability. He seeks declaratory judgment; injunctive relief;

compensatory, punitive, and nominal damages; a jury trial; attorney fees and costs; and any other relief that is just and appropriate.

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Case No. 1:21-cv-68. The Amended Complaint in Case No. 1:21-cv-68 names Coffee, Ingram, and Carver as defendants; it addresses the same incidents of retaliation and excessive force as the instant case; and it also asserts equal protection and supervisory liability claims. [Doc. 21].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

Here, the Plaintiff's Complaint is so overlapping and duplicative of the Amended Complaint pending in Case No. 1:21-cv-68 that the Court cannot allow the two actions to proceed simultaneously.  Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice.  The Plaintiff will be granted another opportunity to amend his Complaint in Case No. 1:21-cv-68 in light of the instant case's dismissal.

**IV.    CONCLUSION**

In sum, the Plaintiff's Complaint is duplicative of the pending Amended Complaint in Civil Case No. 1:21-cv-68-MR and, as such, the instant action will be dismissed without prejudice.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** Signed: February 7, 2022

Martin Reidinger
Chief United States District Judge